838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James Scott GASSAWAY and Anchor Pad International, Inc.,
Plaintiffs/Cross- Appellants,
v.
VAULTEC INDUSTRIES, INC., A. Milton Finkel, and Stephen A.
Bunka, Defendants/Appellants.
 Nos. 86-1422, 86-1513.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1988.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 Appeal No. 86-1422 and cross-appeal No. 86-1513 from a judgment of the United States District Court for the Central District of California, 2 USPQ2d 1433 (1987). We affirm the judgment in all respects.
 
 OPINION
 No. 86-1422
 
 2
 (1) Infringement
 
 
 3
 Vaultec has shown no legal error in the conclusions that the claims do not require peelability, 2 USPQ2d at 1434, and that nothing in the prior art or prosecution history requires that limitation of the claims, 2 USPQ2d at 1436. Nor has Vaultec shown clear error in the finding that the accused product "performs the same function in substantially the same way and accomplishes the same result as recited in the '392 patent claims." 2 USPQ2d at 1437. It is unnecessary, therefore, to discuss which claims are infringed literally and which under the doctrine of equivalents.
 
 
 4
 (2) Validity
 
 
 5
 Nothing in Vaultec's briefs indicates that it carried at trial its burden of clear and convincing proof under 35 U.S.C. Sec. 282 that the claims were invalid for indefiniteness under 35 U.S.C. Sec. 112 or for obviousness under 35 U.S.C. Sec. 103.
 
 
 6
 (3) Damage Award
 
 
 7
 Vaultec has not shown that the damage award constituted an abuse of discretion. The district court's reasonable royalty measure was expressly limited to the facts of this case and the record fully supports its employment of the average wholesale price.
 
 No. 86-1513
 
 8
 (4) Interest
 
 
 9
 The judgment did not mention interest. Post-judgment interest is statutory and automatic, 28 U.S.C. Sec. 1961(a); Fed.R.App.P. 37, and need not be mentioned. Gassaway asked the district court for pre-judgment interest, but filed no motion under Fed.R.Civ.P. 59(e) within ten days of judgment entry. Thus nothing before us relates to interest.
 
 
 10
 (5) Lost Profits
 
 
 11
 Gassaway has not shown clear error in the findings that Gassaway failed to prove: (a) it would have made all Vaultec's sales; and (b) acceptable noninfringing substitutes were absent from the market. 2 USPQ2d at 1435. Gassaway cites record portions supporting its view, but ignores contrary portions which the district court was fully free to accept. See Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1543, 3 USPQ2d 1412, 1416 (Fed.Cir.1987). Gassaway has not shown that the district court abused its discretion in selecting the method for measuring damages. See TWM Mfg. Co. v. Dura Corp., 789 F.2d 895, 898, 229 USPQ 525, 526 (Fed.Cir.), cert. denied, 107 S.Ct. 183 (1986).
 
 
 12
 (6) Willfulness
 
 
 13
 Gassaway has not shown clear error in the nonwillfulness finding, 2 USPQ2d at 1434, and its analysis of the three counsel opinions and the evidence of copying is insufficient to warrant this court's overturning the district court's good faith determination. The district court heard the testimony of two counsel, of defendant's principals, and of those involved in the purported copying. Nothing of record undermines the credibility and motivation determinations of the district court in this case. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985).
 
 
 14
 Gassaway's demand for increased damages and attorney fees falls within the sustained nonwillfulness finding. Gassaway's request for attorney fees on appeal is denied.